PEYROUX ET AL.
*vs.*
DUBERTRAND
ET AL.

### PEYROUX ET AL. *vs.* DUBERTRAND ET AL.

*APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.*

Where a firm is sued as endorsers, and one of the partners excepts to the jurisdiction of the court, because he had obtained a respite : *Held*, that he is liable to be sued when the respite is not pending, but is out of court; although, if he had pleaded the time was not expired, and proved it, he might have obtained a dismissal of the petition as to him.

Proof of notice to the endorsers of the protest, results from the certificate of the notary, duly made according to law.

The holder of a bill or note, may give notice to the endorsers he intends to hold liable, and these cannot complain that the other or previous endorsers were not notified.

The endorsers receiving notice of protest, should notify the previous endorsers, in order to hold them liable.

This is an action against Dubertrand and Legendre, as the last endorsers of a promissory note for two thousand three hundred and seventy-six dollars, drawn by J. B. Ory, to the order of, and endorsed by Michel Bergeron, as first endorser. The note was duly protested for non-payment, and notices delivered to all the endorsers; that to Bergeron was handed to his agent in the city.

Dubertrand excepted to the jurisdiction, on the ground that two years before being sued, he had obtained a respite from his creditors, as appears by the record of the Parish Court. This exception was overruled.

The defendants then pleaded a general denial.

In a supplemental answer they admitted their signature, and averred that no notice was given to the first endorser, by which all recourse against him was lost, and they discharged.

Bergeron's deposition was taken, in which he states he had no agent in New-Orleans, authorized to receive notice of protest.

EASTERN DIST.
April, 1837..

PEYROUX ET AL.
vs.
DUBERTRAND
ET AL.

Judgment was rendered for the plaintiffs for the amount of the note, interest and costs, and the defendants appealed.

*Benjamin,* for the plaintiffs, urged the affirmance of the judgment, and contended that the appeal was taken for delay, and the appellants should be condemned to pay ten per cent. damages, as for a frivolous appeal..

*De Armas, contra.*

1. Because the District Court had no jurisdiction in this case, inasmuch as the proceedings of P. Dubertrand *vs.* His Creditors, were pending before the Parish Court.

2. Because the defendants being deprived of the benefit of notice to the previous endorsers, ought to preserve his rights against the bank, at whose request the note was protested.

*Martin, J.,* delivered the opinion of the court.

The defendants, sued as endorsers of a promissory note, pleaded to the jurisdiction of the court, that one of them had obtained a respite from his creditors, in the Parish Court. The plea was overruled, and they pleaded the general issue; and in a supplemental answer, that the plaintiffs had neglected to give notice of the protest of the note to the endorser of the defendants, whereby their recourse against him was lost. There was judgment for the plaintiffs, and the defendants appealed.

It appears to us, the plea to the jurisdiction was properly overruled. · If the period for which the respite was granted, had expired, the respite presents no obstacle to the plaintiffs' suit; if it was not, the party by pleading this, might have obtained a dismissal of the petition, by proving it. It appears the proceedings on the respite were homologated, and the case was therefore completely out of the Parish Court. The other defendant, being a stranger to the respite, could in no case, avail himself of it.

The general issue having been pleaded, the plaintiff was bound to establish by proof, all his allegations, except the signature of the defendants, which this plea does not deny.

Where a firm is sued as endorsers, and one of the partners excepts to the jurisdiction of the court, because he had obtained a respite: *Held,* that he is liable to be sued when the respite is not pending, but is out of court, although if he had pleaded the time was not expired and proved it, he might have obtained a dismissal of the petition as to him.

Proof of notice to the endorsers of the protest, results from the

The protest appears on the record, and the District Court was of opinion, that the allegation in the supplemental answer that the plaintiffs had neglected to give notice to the endorser of the defendants, was an admission, that they, the defendants, had received notice. This conclusion has appeared to us illogical. The plea of the general issue had denied that they had notice. If this plea had not preceded the other, the notice would have been admitted, not because the admission was a consequence of a second plea, but because the notice to the defendants had been alleged in the petition, and was not denied in the answer. This leads us to the examination of the proof of notice; this proof results from the certificate of the notary, duly made, according to the act of assembly.

On the second plea, the judge has said, that every endorser must notify his previous ones. This, however, must be restricted to those on whom he wishes to preserve his recourse. The defendants, on receiving notice, ought to have given it to the previous endorser or endorsers; the plaintiffs were not bound to do so.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.